# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID ANSPAUGH,

       Plaintiff,                    Case No.

v.                                     Hon.

MENARDS, INC., a foreign corporation,

       Defendant.

_____/

| Michael J. Rothstein (P70240) | Thomas G. Herman (P27846) |
|---|---|
| Benjamin S. Manson (P66187) | GARAN LUCOW MILLER, P.C. |
| ROTHSTEIN LAW GROUP PLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 300 Ottawa Avenue N.W., Suite 800 |
| 19068 W. Ten Mile Road | Grand Rapids, MI 49503 |
| Southfield, MI 48075 | (616) 742-5500 |
| (248) 355-2048 | |

_____/

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES
## DISTRICT COURT WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:    Benjamin S. Manson
           Attorney for Plaintiff

NOW COMES the Defendant, Menards, Inc., by and through its attorneys Garan Lucow Miller, P.C., and in support of this Notice of Removal of Cause to the United States District Court Western District of Michigan, Southern Division, states as follows:

1. That on April 15, 2022, Plaintiff commenced this cause of action in the Circuit Court for the County of Kalamazoo, State of Michigan, by filing Plaintiff's Summons and Complaint in which Menard, Inc., a Wisconsin corporation is named as Defendant. **(Exhibit A)**

2. Service of Process was effected by certified mail on the registered agent on May 31, 2022. **(Exhibit B)**.

3. That this action is a suit at common law of a civil nature and the amount involved, inclusive of interest and costs, and upon information and belief, based upon allegations and representations of the Plaintiff and the refusal to stipulate that damages do not exceed $75,000.00, appear to be in excess of the sum of $75,000. (Plaintiff's Complaint – **Exhibit A**) as Plaintiff alleges:

> 14. That as a direct and proximate result of the Defendant's negligence and/or the negligence of its employees, staff, agents and/or representatives, the Plaintiff, DAVID ANSPAUGH, suffered severe and disabling injuries.
>
> 15. That as a result of the said incident, the Plaintiff, DAVID ANSPAUGH, was made to suffer painful and debilitating injuries requiring medical treatment, including hospital treatment, physical rehabilitation therapy, and/or other medical treatment.
>
> 16. That as a result of the said incident, the Plaintiff, DAVID ANSPAUGH, suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiff has incurred significant doctor bills, medical bills, and hospital bills and/or will continue to do so in the future.
>
> 17. That additionally, the Plaintiff, DAVID ANSPAUGH, suffered significant loss of earnings and a permanent diminution of his earning capacity and that, because of the nature of said injuries, the Plaintiff will likely incur loss of wages or earnings in the future and the Plaintiff was and/or continues to be unable to participate in many of the activities of life in which he was able to indulge in prior to said injuries.

4. That Defendant, Menard, Inc., shows this Honorable Court that this action involves a controversy between citizens of different states in that:

> (A) Plaintiff, David Anspaugh, is alleged to be a citizen of Michigan.
>
> (B) Defendant, Menard, Inc., at the time of the commencement of this action, was, and now is incorporated under the laws of Wisconsin and is not a citizen of the State of Michigan.
>
> (C) Defendant Menard, Inc., had at the time of commencement of this action, and now has, its principal place of business in the State of

Wisconsin, and is not a citizen of the State of Michigan by reason of its principal place of business.

(D) Defendant Menard, Inc. is the owner and operator of the Michigan store #3150, located at 6800 West Main Street, Kalamazoo, MI 49009 where this incident occurred.

5. That Plaintiff's attorney has refused to stipulate that damages in this matter would be less than $75,000.

6. That this notice of removal is filed with this Court within 30 days after receipt by the Defendant, Menard, Inc., on or about May 31, 2022, by service on the Defendant of the Plaintiff's Summons and Complaint. Therefore, this removal is filed as required by 28 USC §1446(b).

7. That written notice of filing this removal has been given to all adverse parties as required by law and a copy of the Notice of Removal has been filed with the Clerk of the Court for the County of Kalamazoo, State of Michigan.

8. That attached is a copy of the process and pleadings that were served upon the Defendant in this cause **(Exhibit A)**.

WHEREFORE, Defendant, Menard, Inc., herein, respectfully prays that this Honorable Court enter its order for removing this cause from the Circuit Court for the County of Kalamazoo, State of Michigan, to the United States District Court, Western District of Michigan, Southern Division.

Date: June 23, 2022

Thomas G. Herman (P27846)
Garan Lucow Miller, P.C.
300 Ottawa Ave., N.W., Ste. 800
Grand Rapids, MI 49503
(616) 742-5500

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I electronically filed the Notice of Removal of Cause.

_____
Lori A. Bergy

and I, Lori A. Bergy, hereby certify that on June 23, 2022 I have mailed by United States Postal Service the paper to the following:

Benjamin S. Manson
Rothstein Law Group PLC
19068 W. Ten Mile Road
Southfield, MI 48075

_____
Lori A. Bergy